UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

EUGENE J. FISCH,

          Plaintiff,

- against -

CONSULATE GENERAL OF THE
REPUBLIC OF POLAND, et al.,

          Defendants.
------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

11 Civ. 4182 (SAS)

11 Civ. 4183 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

On May 16, 2011, Eugene J. Fisch, proceeding pro se, filed a 476 page Complaint in New York State Supreme Court, New York County.[1] Plaintiff's Complaint asserts forty-two causes of action against twenty-five defendants and demands hundreds of millions of dollars in damages. On June 20, 2011, two separate defendant sub-groups, the "Polish Government Defendants"[2] and the

---

[1] *See* Index No. 11/105726.

[2] The Polish Government Defendants include the Consulate General of the Republic of Poland; the Trade Commission of the New York Embassy of the Republic of Poland; the Embassy of the Republic of Poland; Ambassador Robert Kupiecki; Krzysztof Dabrowski; Wojciech Frela; Artur Wardzynski; Krzystof W. Kasprzyk; Jaroslaw Kaczynski; Anna Fotyga; Ambassador Janusz Reiter; Beata Peksa–Krawiec; Dariusz Wojtaszek; R. Sikorski; W. Solgostowski; and Wojciech Lukasiewicz. *See* Notice of Removal in case no. 11 Civ. 4182 (SAS).

"Federal Defendants,"[3] removed the case to this Court, resulting in two separate docket numbers: 11 Civ. 4182 and 11 Civ. 4183. I will now discuss the following actions to be taken by this Court, sua sponte, and pursuant to a motion filed by the plaintiff.

## II. DISCUSSION

### A. Consolidation

Plaintiff seeks to consolidate these actions pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Rule 42").[4] Rule 42 allows for the consolidation of cases involving "a common question of law or fact."[5] District courts have "broad discretion" in determining whether to consolidate cases.[6] The

---

[3] The Federal Defendants include United States District Court Judges Loretta Preska and Kimba Wood; United States Second Circuit Court of Appeals Judges Dennis Jacobs and Debra Livingston; and United States Second Circuit Court of Appeals Clerk's Office employees Joy Fallek, sued incorrectly herein as "Judy Fallek," Judy Pissonant and Ahronda Crossman. *See* Notice of Removal in case no. 11 Civ. 4183 (SAS).

[4] *See* "Motion to Consolidate Pursuant to Rule 42 and . . . Remove This Case to Norther District of New York" (hereafter "Motion to Consolidate") (Document # 23 in case no. 11 Civ. 4182 and Document # 19 in case no. 11 Civ. 4183).

[5] Fed. R. Civ. P. 42(a)(2).

[6] *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Seidel v. Noah Educ. Holdings Ltd.*, Nos. 08 Civ. 9203, 08 Civ. 9427, 08 Civ. 9509, 08 Civ. 9427, 2009 WL 700782, at *1 (S.D.N.Y. Mar. 9, 2009).

party moving for consolidation bears the burden of showing the commonality of factual and legal issues.[7] "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."[8] Although consolidation may enhance judicial economy, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial."[9]

Here, the federal cases are not identical because they were removed by different sub-groups of defendants. However, both federal cases are based on the same state-court Complaint. Thus, the allegations and causes of action underlying the federal cases are the same. Accordingly, case number 11 Civ. 1183 is hereby consolidated into case number 11 Civ. 1182, and all documents henceforth shall be filed in case number 11 Civ. 1182. The Clerk of the Court is **ORDERED** to close case number 11 Civ. 1183, plaintiff's Motion to Consolidate, and any other

---

[7] *In Re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) ("A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions[.]").

[8] *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

[9] *Johnson*, 899 F.2d at 1285.

outstanding motions in that case.[10]

### B. Judicial Immunity

Case number 11 Civ. 1183 was removed by the Federal Defendants which consists of judges and court personnel. Judges, however, have enjoyed judicial immunity since the seventeenth century.[11] In sum, judges are immune from suit when exercising their judicial authority.[12] A judge is immune for acts performed in her judicial capacity[13] and will be held liable only when she acts in the clear absence of all jurisdiction.[14] Judicial immunity, like other forms of

---

[10] This Order includes plaintiff's Emergency Motion for Clarification and Reconsideration of Order dated August 16, 2011 (Document # 21). The Motion to Dismiss filed on behalf of Newsweek Inc., Richard Smith, Thomas E. Ascheim, The Washington Post Company, Donald E. Graham, Anne Applebaum, and Tomasz Deptula (Document # 14) will be reinstated if need be. *See infra* n.22.

[11] *See Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997) ("Since the seventeenth century, the common law has immunized judges from damage claims arising out of their judicial acts.").

[12] *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978).

[13] *See Stump*, 435 U.S. at 360-63.

[14] *See id.* at 356-57 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)).

immunity, is immunity from suit, not just from damages.[15] Finally, in cases of judicial immunity, a court may dismiss a defendant sua sponte, without affording a hearing or other notice of dismissal.[16]

Here, plaintiff has brought suit against Judges Preska, Wood, Livingston and Jacobs for acts taken pursuant to their judicial authority. Because these defendants are immune from suit under the doctrine of judicial immunity, they are hereby dismissed from this lawsuit. The Clerk of the Court is thus **ORDERED** to remove Judges Preska, Wood, Livingston and Jacobs from the docket.

### C. Prolixity of the Complaint

Rule 8 of the Federal Rules of Civil Procedure requires pleadings to present "a short and plain statement of the claim showing that the pleader is entitled to relief."[17] "Accordingly, prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been

---

[15] See Mireles, 502 U.S. at 11.

[16] See Blash v. Amsterdam, No. 98 Civ. 7117, 1998 WL 760239, at *1 (S.D.N.Y. Oct. 30, 1998); Miller v. County of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) ("Although Judge Marano has not moved to dismiss the Plaintiffs' complaint, this Court may, sua sponte, dismiss a complaint for lack of subject matter jurisdiction, based on a finding of judicial immunity.").

[17] Fed. R. Civ. P. 8(a)(2).

dismissed in this Circuit."[18] As stated by the Second Circuit,

> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8.[19]

---

[18] *Ceparano v. Suffolk County*, No. 10-CV-2030, 2010 WL 5437212, at *3 (S.D.N.Y. Dec. 15, 2010) (citing *Jones v. National Commc'ns and Surveillance Networks*, 266 Fed. App'x 31, 32 (2d Cir. 2008) (affirming dismissal of fifty-eight (58) page, single-spaced pro se complaint with eighty-seven (87) additional pages of attachments, alleging over twenty (20) separate causes of action against more than forty (40) defendants for failure to meet the "short and plain statement" requirement of Rule 8); *Bell v. Lasaceli*, No. 08-CV-0278A, 2009 WL 1032857, at *2 (W.D.N.Y. Apr.15, 2009) (dismissing a two hundred (200) page pro se complaint naming forty-two (42) defendants for noncompliance with Rule 8); ." *Infanti v. Scharpf*, No. 06 CV 6552, 2008 WL 2397607, at *3 (E.D.N.Y. June 10, 2008) (dismissing sua sponte a ninety (90) page complaint comprised of over five hundred (500) paragraphs for running afoul of Rule 8's requirements); *In re Merrill Lynch & Co., Inc.*, 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) (dismissing ninety-eight (98) page complaint comprised of three hundred and sixty-seven (367) paragraphs and explaining that "[w]hen a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or sua sponte, to dismiss the complaint . . . .'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

[19] *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).

As stated earlier, here the Complaint is 476 pages long. As in a previous lawsuit brought by this plaintiff against some of the same defendants,[20] the instant Complaint alleges, *inter alia*, that Poland authorized a government official to drug and rape plaintiff. Regardless of whether the Complaint has any merit, it is indisputably prolix and often unintelligible. Neither this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought. To remedy this situation, the instant Complaint is hereby dismissed with leave to amend within the next thirty (30) days.[21] If plaintiff submits an Amended Complaint within thirty (30) days from the date of this Order, which this Court views as being in substantial compliance with Rule 8, the action will be reinstated.[22] Otherwise, the action will remain closed and

---

[20] *See Fisch v. Republic of Poland*, No. 07 Civ. 7204, 2009 WL 4030823 (S.D.N.Y. Nov. 20, 2009). Judge Preska, a defendant in this action, dismissed that action on the grounds that the complaint was "not only implausible but fantastic and delusional." *Id.* at *2.

[21] *Cf. O'Neil v. Ponzi*, No. 09-5174, 2010 WL 381811, at *1 (2d Cir. Oct. 1, 2010) (stating that where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible, a district court may dismiss the amended complaint sua sponte).

[22] In this event, the motion to dismiss filed by *Newsweek, Inc., et al.* will be reinstated, *see supra* n.10, as will the motion to dismiss filed by Busboy Productions, Inc., Stephen Colbert, Comedy Partners, L.L.P., and Spartina Productions, Inc. (Document # 24).

the dismissal will then be with prejudice.[23] Accordingly, the Clerk of the Court is **ORDERED** to close case number 11 Civ. 1182, without prejudice, plaintiff's Motion to Consolidate, and any outstanding motions in that case.[24]

## III. CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to consolidate case number 11 Civ. 4183 into case number 11 Civ. 4182, close case number 11 Civ. 4183, and close plaintiff's Motion to Consolidate and any other outstanding motions in case number 11 Civ. 4183. Defendants Judges Preska, Wood, Livingston, and Jacobs are dismissed from this lawsuit and the Clerk of the Court is directed to so indicate on the docket. Finally, the Clerk of the Court is directed to close case number 11 Civ. 4182, without prejudice, as well as plaintiff's Motion to Consolidate and any other outstanding motions in that case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
August 30, 2011

---

[23] Alternatively, plaintiff could choose to forego proceedings in this district and file a complaint in the Northern District of New York instead.

[24] This Order includes plaintiff's Emergency Motion for Clarification and Reconsideration of Order Dated August 16, 2011 (Document # 26).

## - Appearances -

**Plaintiff (Pro Se):**

Eugene J. Fisch
1470 First Avenue, Apt. 5-H
New York, NY 10075

**For Polish Government Defendants**

Robert Wisniewski, Esq.
Robert Wisniewski & Assocs., P.C.
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

**For Federal Defendants:**

Christopher K. Connolly
Assistant United States Attorney
United States Attorney's Office
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2761

**For Busboy Productions, Inc. *et al.* Defendants:**

Cameron A. Stracher, Esq.
Cameron A. Stracher Attorney At Law
57 Worth Street
New York, NY 10013
(212) 431-2330

David A. Schulz, Esq.
Levine, Sullivan, Koch & Schulz LLP
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100

**For Newsweek, Inc. *et al.* Defendants:**

Kevin T. Baine, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5010